UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| TIMMY A. JONES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 1:17-cv-01208-RLY-MPB |
| | ) | |
| COLLECTION BUREAU OF FT. WALTON BEACH, INC., | ) ) | |
| | ) | |
| Defendant. | ) | |

**ENTRY ON DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS**

Plaintiff, Timmy A. Jones, alleges that Defendant, Collection Bureau of Ft. Walton Beach, Inc., ran afoul of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, and the Indiana Deceptive Consumer Sales Act ("IDCSA"), Ind. Code § 24-5-0.5-1 *et seq.*, when it failed to properly identify itself as a debt collector during a phone call in March 2017. Collection Bureau now moves for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c), arguing that it effectively conveyed its identity to Jones. The court agrees, and therefore **GRANTS** Collection Bureau's motion.

**I. Background**

Jones pulled his credit report on March 20, 2017. (Filing No. 11, Amended Complaint ¶ 14). Upon reviewing the report, he "found three (3) open collection accounts that he did not recognize bearing Defendant's name." (*Id.*). Jones wanted "further information about the nature of the debts Defendant was reporting to the credit

1

bureaus," so he called Collection Bureau that same day. (*Id.* ¶ 15). He was connected to a representative who informed him that Collection Bureau "was seeking payment on three (3) accounts on behalf of 'Bay Emergency Physicians.'" (*Id.* ¶ 17). Jones advised the representative "that he was unable to pay the subject debt at that time, and that he would call them back when he was able to do so." (*Id.* ¶ 18). During this call, Collection Bureau did not explicitly identify itself as a debt collector. (*Id.* ¶ 19).

Jones does not allege that the March 2017 phone call was the initial communication between the parties. Indeed, the Amended Complaint is silent as to any communications apart from that March 2017 call. In its Answer, Collection Bureau alleges that the initial communication between the parties regarding the subject debt occurred on October 3, 2012. (Filing No. 12, Answer ¶ 28). The letter sent in October 2012 was not returned as undeliverable. (*Id.*).

**II. Legal Standard**

A party may move for judgment on the pleadings "[a]fter the pleadings are closed--but early enough not to delay trial." Fed. R. Civ. P. 12(c). "A Rule 12(c) motion is governed by the same standards as a motion to dismiss for failure to state a claim under Rule 12(b)(6)." *Lodholtz v. York Risk Servs. Grp.*, 778 F.3d 635, 639 (7th Cir. 2015). "Dismissal is appropriate under [Rule 12(b)(6)] when the factual allegations in the complaint, accepted as true, do not state a facially plausible claim for relief." *Hyson USA, Inc. v. Hyson 2U, Ltd.*, 821 F.3d 935, 939 (7th Cir. 2016) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

**III. Discussion**

The FDCPA seeks "to eliminate abusive debt collection practices by debt collectors." 15 U.S.C. § 1692(e). To this end, the Act broadly prohibits debt collectors from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. The Act goes on to specifically provide that the following is a violation of Section 1692e:

> The failure to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector . . . .[1]

15 U.S.C. § 1692e(11). As explained below, this entire case ultimately comes down to whether Collection Bureau complied with the disclosure requirements set forth in Section 1692e(11).

In the Seventh Circuit, courts evaluating FDCPA claims employ the "unsophisticated consumer" standard. *Pantoja v. Portfolio Recovery Assocs., LLC*, 852 F.3d 679, 686 (7th Cir. 2017). "The unsophisticated consumer is 'uninformed, naïve, and trusting, but possesses rudimentary knowledge about the financial world, is wise enough to read collection notices with added care, possesses reasonable intelligence, and is capable of making basic logical deductions and inferences.'" *Id.* (quoting *Williams v. OSI Educ. Servs., Inc.*, 505 F.3d 675, 678 (7th Cir. 2007)) (some quotation marks

---

[1] This warning is sometimes referred to as the "mini-Miranda." *Chalik v. Westport Recovery Corp.*, 677 F. Supp. 2d 1322, 1328 (S.D. Fla. 2009).

omitted). Whether an unsophisticated consumer would be deceived or misled "is often a question of fact." *Id.* Thus, dismissal is appropriate only when it is apparent that not even a significant fraction of the population would be misled by the communication. *McMahon v. LVNV Funding, LLC*, 744 F.3d 1010, 1020 (7th Cir. 2014). *See McMillan v. Collection Professionals, Inc.*, 455 F.3d 754, 759 (7th Cir. 2006) ("We have cautioned that a district court must tread carefully before holding that a letter is not confusing as a matter of law when ruling on a Rule 12(b)(6) motion because district judges are not good proxies for the unsophisticated consumer whose interest the statute protects.") (citation and quotation marks omitted).

As the text of the statute reveals, Section 1692e(11) imposes different requirements on debt collectors depending upon whether the contact at issue is the "initial communication," or a "subsequent communication." In this case, Collection Bureau alleged in its Answer that the March 2017 call was not the initial communication between the parties. Jones does not dispute this in his briefing, and nothing in his Amended Complaint contradicts it. The court therefore accepts the allegation as true. Because the phone call was a "subsequent communication," Collection Bureau was merely required to disclose that it is a debt collector.

Critically though, "there simply is no requirement that the [debt collector] quote verbatim the language of the statute." *Emanuel v. Am. Credit Exch.*, 870 F.2d 805, 808 (2d Cir. 1989). *See Lorandeau v. Capital Collection Serv.*, No. 10-3807, 2011 U.S. Dist. LEXIS 101994, at *14 (E.D. Pa. Sep. 8, 2011) ("Courts interpreting the FDCPA have found that a communication need not use the exact language of 1692e(11) to comply with

4

the statute."); *Sandlin v. Shapiro & Fishman*, 919 F. Supp. 1564, 1568 (M.D. Fla. 1996) ("[T]he Sandlins allege that Defendants violated § 1692e(11), by failing to include the warning required by that section in its correspondence. . . . The letters are clearly an attempt to obtain payment of a debt and there is no need to quote the statute verbatim."). In other words, a debt collector need not recite the exact words, "I am a debt collector." *Holland v. Draper*, No. C12-1409-JCC, 2013 U.S. Dist. LEXIS 65848, at *8 (W.D. Wash. May 8, 2013) ("Holland argues that under section 1692e Draper's letter should have said, 'I am a debt collector,' or 'this law office is debt collector,' or something to that effect. The Court does not agree."). Instead, the disclosure it provides "must merely convey the intended message" of Section 1692e(11). *Ross v. Commercial Fin. Servs., Inc.*, 31 F. Supp. 2d 1077, 1078 (N.D. Ill. 1999). *See Forman v. Acad. Collection Serv.*, 388 F. Supp. 2d 199, 205 (S.D.N.Y. 2005) ("While Chafetz's letter does not track the language of the statute verbatim, it is not required to as long as the warning comes across."). *See also Baptiste v. Carrington Mortg. Servs., LLC*, No. 17-CV-1494(ARR)(VMS), 2017 U.S. Dist. LEXIS 103609, at *14 (E.D.N.Y. July 5, 2017) ("The FDCPA requires no 'magic words' or specific phrases to be used.") (some quotation marks omitted).

Collection Bureau maintains that it provided Jones with the "mini-Miranda" during the March 2017 phone call. But for purposes of this motion, the court must assume it did not, as that is what Jones alleges in his Amended Complaint. Thus, the dispositive question is whether Collection Bureau effectively conveyed to Jones that it is

a debt collector. The court's analysis is guided by three similar cases. First, in *Owens v. Howe*, the plaintiff received the following letter:

> Dear Mr. Owens:
>
> I have been retained by US Bank-LL Receivables Co. to collect from you the entire balance, which as of August 25, 2003 is $13,183.80, (the full balance owed), that you owe to US Bank-LL Receivables Co., under account number 19700153366720001. . . .
>
> If you want to resolve this matter without a lawsuit, you must, within one week of the date of this letter, either pay US Bank-LL Receivables Co through this office, the full balance owed (unless you have paid it since your last statement) or call us at (317) 638-1700 to arrange a payment plan. If you do neither of these two things, we will be entitled to file a lawsuit against you, for the collection of this debt, when the week is over.
>
> . . .
>
> Sincerely yours,
>
> Howard Howe

No. 1:04-CV-152, 2004 U.S. Dist. LEXIS 22728, at *3-5 (N.D. Ind. Nov. 8, 2004).

This letter was the debt collector's initial correspondence with the consumer, so he had to satisfy more requirements than the communication in this case. Nonetheless, the *Owens* court still had to decide whether the letter effectively disclosed that Howe was a debt collector. It began its analysis by noting, "Although the exact statutory language is not required, its substance must be conveyed." *Id.* at *32. The court then held, as a matter of law, that the debt collector had sufficiently identified himself: "Howe's letter lists the creditor's name, refers to a 'Debt owed' and discloses that Howe has been retained by the creditor to collect a specific amount owed. This is sufficient to notify

6

even the most unsophisticated consumer that this is an effort to collect a debt." *Id.* at *33.

Second, in *Smith v. Short Term Loans, LLC*, the consumer received the following letter:

> BRIAN D. SCHULMAN
> ATTORNEY AT LAW
>
> > SHORT TERM LOANS, L.L.C.
> > 1400 E. TOUHY AVE. # 100
> > DES PLAINES, ILLINOIS 60018
> > PHONE: 847-759-4646 Ext. 4646
> > FAX: 847-759-4680
>
> February 18, 1999
>
> Re: Short Terms Loans, L.L.C. - Loan # 5265 - Due Date: 10-09-98
>
> Dear Mr. Smith:
>
> This is your final opportunity to work out payments of your past due loan before I file a lawsuit against you. I urge you to contact me immediately upon receipt of this letter to arrange payment of the balance due.
>
> Thank you in advance for your cooperation.
>
> Sincerely,
>
> Brian D. Schulman

No. 99 C 1288, 2001 U.S. Dist. LEXIS 1554, at *5-6 (N.D. Ill. Feb. 9, 2001).

One issue in the case was whether, as a "subsequent communication," this letter fulfilled the requirement of explaining that the correspondence was "from a debt collector." The court found that it plainly did:

> Although the letter does not use the exact term "debt collector," it need not do so to comply with the statute. The February letter, read in context, could be interpreted only as originating from the creditor, Short Term Loans, or from an agent trying to collect on a debt for the creditor, attorney Brian Schulman. Thus, the letter clearly conveys that it is from a debt collector, although it does not explicitly use the statutory term.

*Id.* at *41 n.5 (citation omitted).

*Owens* and *Smith* are consistent with cases from outside this circuit. *See e.g., Volden v. Innovative Fin. Sys.*, 440 F.3d 947 (8th Cir. 2006). In *Volden*, the Eighth Circuit Court of Appeals rejected the plaintiff's argument that the defendant violated the FDCPA when it "failed to affirmatively state . . . that it was a debt collector." *Id.* at 955. The court explained,

> The September 2002 letter states "Federal law requires us to inform you that this is an attempt to collect a debt and any information obtained will be used for that purpose." Though the letter does not say it is from a debt collector, the fact it says it is sent in an attempt to collect a debt is sufficient for even the unsophisticated consumer to understand that such a letter is necessarily from a "debt collector." While the unsophisticated consumer test is meant to protect consumers of below average sophistication, it also involves an element of reasonableness that prevents bizarre interpretations of debt collection notices. We find the letter "effectively conveys" the fact that it is from a debt collector, and thus does not violate section 1692e(11).

*Id.* (citation omitted).

This case is similar to *Owens*, *Smith*, and *Volden* in that Collection Bureau did not explicitly state that it is a debt collector. That is, of course, the best way to ensure compliance with the FDCPA. Nevertheless, the court has little trouble concluding that an unsophisticated consumer in this situation would have understood that Collection Bureau is a debt collector. The pleadings establish that (1) Jones saw he had three "open collection accounts" on his credit report, (2) the business reporting those accounts had the

8

term "collection bureau" in its name, (3) Collection Bureau told Jones that it was "seeking payment" from him on behalf of a different company, and (4) Collection Bureau provided the creditor's name (Bay Emergency Physicians). This information is sufficient to put even the most unsophisticated consumer on notice that he is communicating with a debt collector. Any other conclusion would be bizarre and idiosyncratic.

This case is distinguishable from *Smith v. Greystone All. LLC*, No. 09 C 5585, 2011 U.S. Dist. LEXIS 35283 (N.D. Ill. Mar. 29, 2011), a case cited by Jones. In that case, Greystone Alliance LLC, a debt collector, made its initial contact with a consumer via a collection letter that seemingly satisfied all the requirements in Section 1692e(11). *Id.* at *1-2. The very next day (i.e., before the letter had arrived), a representative called the consumer and left a voice message. *Id.* at *2. The representative did not state that Greystone was a debt collector. "Rather, he simply stated his name, his employer's name, provided a phone number, and asked her to return his call in regards to a file that has been placed in his office." *Id.* (quotation marks and brackets omitted). Other Greystone employees left similar messages over the next several weeks. *Id.* at *6-7. Under these facts, the court found that the debt collector had failed to make the required disclosure: "[T]he context of Greystone's subsequent calls to Smith provided no clue as to its identity as a debt collector — none of the messages left by its employees referenced Smith's debt and Greystone's name did not imply that it was a collection agency." *Id.* at *18.

Unlike the debt collector in *Greystone*, Collection Bureau's name does imply that it is a collection agency. Furthermore, the context of the March 2017 phone call had

9

many clues as to Collection Bureau's identity. Like the debt collectors in *Owens*, *Smith*, and *Volden*, Collection Bureau provided enough information such that an unsophisticated consumer would have been able to draw the right conclusion. *See Lox v. CDA, Ltd.*, 689 F.3d 818, 822 (7th Cir. 2012) (the unsophisticated consumer "is capable of making basic logical deductions and inferences"; he "is not a dimwit"). The court therefore holds that Collection Bureau complied with Section 1692e(11) because it effectively conveyed the intended message of the statute; the warning came across. Accordingly, the court must dismiss Jones' claims under Section 1692e.

Jones alleges other violations of the consumer protection statutes, but none warrant much discussion. He advances claims under Section 1692f of the FDCPA (which makes it unlawful for debt collectors to "use unfair or unconscionable means to collect or attempt to collect any debt") and the IDCSA (which makes it unlawful for a debt collector to "commit an unfair, abusive, or deceptive act, omission, or practice in connection with a consumer transaction," and expressly includes any violation of the FDCPA), but these claims are entirely derivative of the Section 1692e(11) claim. Put another way, Collection Bureau allegedly violated Section 1692f and the IDCSA *solely because* it violated Section 1692e(11). Whereas the court finds no violation of Section 1692e(11), Jones' other claims necessarily fail as well.

## IV. Conclusion

Therefore, Collection Bureau's Motion for Judgment on the Pleadings (Filing No. 15) is **GRANTED**. The Amended Complaint is hereby dismissed.

**SO ORDERED** this 4th day of August 2017.

                                                            _____
                                                            RICHARD L. YOUNG, JUDGE
                                                            United States District Court
                                                            Southern District of Indiana

Distributed Electronically to Registered Counsel of Record.